UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
FAIR HOUSING JUSTICE CENTER,  :
          Plaintiff,  :
v.  :   **OPINION AND ORDER**
  :
TOWN OF EASTCHESTER,  :  16 CV 9038 (VB)
          Defendant.  :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Fair Housing Justice Center brings this action against defendant the Town of Eastchester (the "Town"), alleging the Town's zoning code violates the Fair Housing Act by imposing on certain senior housing developments a preference for housing applicants who already reside in the Town. Plaintiff claims the residency preference exacts a discriminatory effect on minority housing applicants, and that the Town enacted the residency preference at least in part because of its discriminatory effect.

    This lawsuit concerns the residency preference's application to a senior housing development called Elide Manor. The Court has granted Elide Manor's developers, Elide Building Corporation, Seminara Pelham, LLC, and Elide Enterprises, LLC, leave to appear as amici curiae. (Doc. #114).

    Before the Court are plaintiff's motion for a preliminary injunction (Doc. #80) and motion to strike several declarations submitted by the Town in opposition to the preliminary injunction motion (Doc. #99).[1]

    For the reasons set forth below, the motion for a preliminary injunction is DENIED WITHOUT PREJUDICE, and the motion to strike is DENIED AS MOOT.

---

[1] The Court previously granted plaintiff's motion (Doc. #116) for leave to supplement its original preliminary injunction motion. (See Doc. #124).

1

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**BACKGROUND**

In 2009, the Town, which is in Westchester County, added to its zoning code a provision creating a special permit authorizing the development and construction in the Town's unincorporated areas[2] of housing for seniors ages 55 and older. (See Doc. #82 ("Frick Decl.") Ex. 1 at 18–25).[3] The stated purpose of the provision—Eastchester Zoning Code ("EZC") § 12(H)(27)—is "to encourage the development of age-restricted multi-family buildings designed exclusively for senior citizens[,] which would permit the Town's senior citizen population to remain in the community, close to family and friends." (Doc. #91 ("Sokoloff Decl.") Ex. D at 2). Plaintiff alleges Elide Manor is the only senior housing development built pursuant to section 12(H)(27) to date.

Section 12(H)(27) requires a developer seeking a special permit to submit to several restrictions, of which this case concerns two. First, at least "15 percent of dwelling units in a Senior Housing Development shall be offered as 'affordable' to senior citizens earning less than 80 percent of the area median income for Westchester County." EZC § 12(H)(27)(A)(d)(ii) (Frick Decl. Ex 1 at 20). Second, the owner or manager of a permitted senior housing development must select its tenants pursuant to a residency preference: first preference goes to current Town residents, and second preference goes to everyone else. Id. § 12(H)(27)(A)(e)(i)

---

[2] The Town also includes the incorporated villages of Bronxville and Tuckahoe.

[3] Citations to declarations reference page numbers assigned by the Court's Electronic Case Filing system.

2

(Frick. Decl. Ex. 1 at 20–21).[4] Among Town residents, the zoning code prioritizes applicants who have lived in the Town the longest. Id. § 12(H)(27)(A)(e)(i)(a) (Frick. Decl. Ex. 1 at 21).

Housing applicants are selected pursuant to the residency preference only when demand for the housing being applied for exceeds supply. Otherwise, all approved applicants can receive housing without any need to prioritize some applicants over others, rendering the residency preference superfluous.

According to plaintiff, the racial makeup of the Town's residents is more than 80 percent white non-Hispanic, making it markedly less diverse than its adjacent municipalities of New Rochelle, Yonkers, and Mount Vernon, as well as Westchester County as a whole. Citing demographic and other statistics, plaintiff's expert witness concluded Section 12(H)(27)'s preference for Town residents would "almost certainly" cause "nearly all the units at Elide Manor" to be rented to a group of applicants who "are overwhelmingly likely to be white." (Doc. #83 ¶ 5). Plaintiff's expert witness further concluded the residency preference would cause a significant drop in the share of non-white tenants at Elide Manor, as compared to Elide Manor's expected racial composition were the preference not enforced. Plaintiff has also submitted evidence it claims shows the Town enacted the preference due to racial animus.

Plaintiff aims to prevent the residency preference from taking effect. To that end, plaintiff filed the instant preliminary injunction motion upon learning Elide Manor would soon start leasing apartments. Plaintiff originally sought a preliminary injunction barring the Town from enforcing the residency preference at Elide Manor, including by forbidding the Town from

---

[4] As originally enacted, Section 12(H)(27) also imposed preferences for relatives of Town residents and residents of Westchester County. See EZC § 12(H)(27)(A)(e)(i) (Frick Decl. Ex. 1 at 20–21). On March 5, 2019, the Town Board removed those preferences from the zoning code, which now imposes a preference for Town residents only. (See Doc. #107).

3

issuing certain permits and other documents containing language imposing the preference. (See Doc. #80 at 1).

After plaintiff filed its motion, the Town approved and issued a document imposing the preference on Elide Manor. Plaintiff then supplemented its original motion papers and asked for additional relief—namely, that the Court order the Town to reissue the document in question without the language imposing the residency preference. (See Doc. #116 at 1).

In opposition to the preliminary injunction motion, the Town submitted, among other things, the affidavits of Town Supervisor Anthony Colavita (Doc. #91-23); former Town Board members Vicki Ford, (Doc. #91-24), Michael Cahalin (Doc. #91-25), and Sheila Marcotte (Doc. #91-27); and Assistant Director of Senior Programs and Services Janice Munson (Doc. #91-26). Plaintiff has moved to strike those affidavits as a sanction for the Town's failure to identify the affiants in the Town's Rule 26(a) initial disclosures. (Doc. #99).

At a hearing held April 5, 2019, after the preliminary injunction motion was fully submitted, plaintiff affirmed it "want[s] the landlord [at Elide Manor] to get their Certificate of Occupancy and begin to rent, but without the illegal and discriminatory restrictive conditions that the Town is placing on it." (Doc. #121 at 10). On June 7, 2019, plaintiff filed motion papers stating Elide Manor had begun doing precisely that—renting apartments "on a first-come, first-serve basis, without use of residency preferences" (Doc. #118 at 3), which plaintiff acknowledged is "the same method that Plaintiff seeks in this case, and on this [preliminary injunction] motion" (Doc. #117 ¶ 20). The Town subsequently confirmed "the residency

preference was not operating to deprive anybody of an apartment" at Elide Manor.  (Doc. #122 at 4).

Elide Manor has 116 apartments in total.  As of June 3, 2019, it had received sixteen applications for market-rate housing and zero applications for affordable housing.  As of that date, ten applications had generated executed leases, three "leases [were] currently out," one application remained pending, and two applications had fallen through.  (Doc. #122-1 at 3).  As of June 12, 2019, Elide Manor still had leased only ten apartments in total, half of them to applicants from outside the Town (including the building superintendent).  (Doc. #122-2 at 2).

Elide Manor apparently intends to apply the residency preference sometime in the future, "as the building becomes more full."  (See Doc. #117 ¶ 20).  The Town has "proposed agreeing to give Plaintiff notice before the residency preference [comes] into play."  (Doc. #122 at 4).

## DISCUSSION

I.  Preliminary Injunction

The Town argues the preliminary injunction motion should be denied because plaintiff has failed to show it would suffer irreparable harm absent preliminary injunctive relief.

The Court agrees.

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Sussman v. Crawford, 488 F.3d 136, 139 (2d Cir. 2007) (internal citation and quotation omitted).  "To secure a preliminary injunction . . . , the moving party must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor."  MONY Grp., Inc. v.

Highfields Capital Mgmt., L.P., 368 F.3d 138, 143 (2d Cir. 2004) (internal citation and quotation marks omitted). However, a plaintiff seeking "an injunction staying governmental action 'taken in the public interest pursuant to a statutory or regulatory scheme'" must satisfy "the more rigorous likelihood-of-success standard." Fair Housing in Huntington Comm. Inc. v. Town of Huntington, 316 F.3d 357, 365 (2d Cir. 2003) (quoting Bery v. City of New York, 97 F.3d 689, 694 (2d Cir. 1996)). And "[a] party moving for a mandatory injunction that alters the status quo by commanding a positive act must . . . make a clear or substantial showing of a likelihood of success on the merits, a standard especially appropriate when a preliminary injunction is sought against government." D.D. ex rel. V.D. v. N.Y.C. Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006) (emphasis added) (internal citations and quotations omitted), amended on denial of reh'g, 480 F.3d 138 (2d Cir. 2007).

Of these requirements, "[t]he showing of irreparable harm is [p]erhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered." Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (second alteration in original) (internal quotation marks and citations omitted). A party seeking preliminary injunctive relief must show an injury that is "actual and imminent, not remote or speculative." Id. (citations omitted).

Plaintiff fails to show it would suffer irreparable harm absent preliminary injunctive relief. By renting out apartments without applying the residency preference, amici are doing exactly what plaintiff wants: "begin to rent, but without the illegal and discriminatory restrictive conditions that the Town is placing on [them]." (Doc. #121 at 10). Moreover, half of the apartments rented at Elide Manor have gone to non-Town residents, belying any potential

6

concern that the preference's existence could dissuade non-residents from applying to Elide Manor, even if the preference is not actually being enforced there. Accordingly, plaintiff is not suffering discernable harm at this time.[5]

To be sure, this may change should Elide Manor enforce the residency preference in the future. But a speculative future injury does not support a preliminary injunction. See Kamerling v. Massanari, 295 F.3d at 214. Moreover, the Town has offered to notify plaintiff before the residency preference is enforced at Elide Manor, affording plaintiff the opportunity to refile its preliminary injunction motion upon confronting "actual and imminent" irreparable harm. Id.

Accordingly, the Court denies without prejudice plaintiff's motion for a preliminary injunction. However, the Court ORDERS that the Town and amici shall notify plaintiff no later than **five business days** before the residency preference is enforced with respect to applicants for housing at Elide Manor.[6]

II. Motion to Strike

Plaintiff also moves to strike the affidavits of Supervisor Colavita, Vicki Ford, Michael Cahalin, Sheila Marcotte, and Janice Munson. (Doc. #99). Those affidavits, submitted by the Town in opposition to plaintiff's preliminary injunction motion, address (among other things) the Town's purported reasons for enacting the residency preference.

---

[5] Puzzlingly, plaintiff argues the commencement of leasing at Elide Manor has "dramatically" increased the harm allegedly suffered by plaintiff because "[e]very day, apartments are being leased under a residency preference scheme" (Doc. # 118 at 2)—yet plaintiff simultaneously acknowledges that Elide Manor is leasing apartments "without use of residency preferences" (id. at 3).

[6] The Town's attorney has twice failed to comply with Court orders concerning the Town's obligations to provide plaintiff information material to plaintiff's claims. Counsel has pointed to a recent illness as an explanation. The Court gave counsel the benefit of the doubt on both occasions. The Court will not extend that benefit to counsel a third time.

The Court having denied plaintiff's preliminary injunction motion without considering the affidavits plaintiff seeks to strike, plaintiff's motion to strike is DENIED AS MOOT.

## CONCLUSION

The motion for a preliminary injunction is DENIED WITHOUT PREJUDICE.

The motion to strike is DENIED AS MOOT.

Defendant and amici are ORDERED to notify plaintiff no later than **five business days** before the residency preference is enforced with respect to applicants for housing at Elide Manor.

The Court will hold a case management conference on July 11, 2019, at 10:30 a.m. All counsel shall come prepared to discuss (i) whether they anticipate further dispositive motion practice and, if not, how best to proceed to trial; and (ii) what recent steps have been taken to resolve this case by settlement, and how, if at all, the Court may assist the parties in that regard.

The Clerk is directed to terminate the motions. (Docs. ##80, 99).

Dated: June 24, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge